United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Safiqul Islam  
      Debtor

Case No. 18-13296-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2　　User: Antoinett　　Page 1 of 1　　Date Rcvd: Dec 04, 2018  
　　　　　　　　　　　Form ID: pdf900　　Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 06, 2018.  
db　　　　+Safiqul Islam,　117 Wellington Road,　Upper Darby, PA 19082-3314

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

　　　　***** BYPASSED RECIPIENTS *****  
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 06, 2018　　　　　　　　　　　　　　　　Signature:　/s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 4, 2018 at the address(es) listed below:  
　　　　BRADLY E ALLEN　　on behalf of Debtor Safiqul  Islam bealaw@verizon.net  
　　　　JEROME B. BLANK　　on behalf of Creditor　 DITECH FINANCIAL LLC paeb@fedphe.com  
　　　　REBECCA ANN SOLARZ　　on behalf of Creditor　 Toyota Motor Credit Corporation  
　　　　　bkgroup@kmllawgroup.com  
　　　　United States Trustee　　USTPRegion03.PH.ECF@usdoj.gov  
　　　　WILLIAM C. MILLER, Esq.　　ecfemails@ph13trustee.com,　philaecf@gmail.com  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Safiqul Islam <br>    Debtor <br><br> Toyota Motor Credit Corporation <br>    Movant <br> vs. <br><br> Safiqul Islam <br>    Debtor <br><br> William C. Miller Esq. <br>    Trustee | CHAPTER 13 <br><br> NO. 18-13296 MDC <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the vehicle loan held by the Movant on the Debtor's vehicle is $1,398.65, which breaks down as follows:

Post-Petition Payments:  June 2018 through September 2018 at $349.73
Suspense Balance:    ($0.27)
Total Post-Petition Arrears $1,398.65

2. The Debtor(s) shall cure said arrearages in the following manner:

a). Beginning on October 27, 2018 and continuing through March 27, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $349.73 on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fifth (25th) day of each month, plus an installment payment of $233.11 from October 27, 2018 to February 27, 2019 and $233.10 for March 27, 2019 towards the arrearages on or before the last day of each month at the address below:

TMCC
P.O. Box 5855
Carol Stream, IL 60197-5855

b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to

cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 11, 2018

By: /s/ Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: _____

Bradly E. Allen
Attorney for Debtor(s)

Date: 11/30/18

William C. Miller
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

Approved by the Court this __4th__ day of __December__, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman